# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW K. WROBEL,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>S.L. POPE & ASSOCIATES;<br>HAMMOND/TROSSEN ENTERPRISES,<br>L.L.L.P., et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 07CV1591  IEG (BLM)<br><br>**TEMPORARY RESTRAINING ORDER** |

Presently before the Court is Andrew K. Wrobel's ("plaintiff") application for a temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b). Plaintiff served its application on defendants through their counsel, James Jay Stoffel. However, Mr. Stoffel represents only S.L. Pope & Associates and Sam L. Pope, and has filed an opposition to plaintiff's application on behalf of these defendants. At oral argument, Mr. R. Keith McKellogg appeared for the first time on behalf of the remaining defendants.

The Ninth Circuit has prescribed the following equitable criteria for determining whether to grant injunctive relief:

> (1) the likelihood of the moving party's success on the merits; (2) the possibility of irreparable injury to the moving party if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by granting the preliminary relief. The moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits, the balance of hardships tipping sharply in its favor, and at least

a fair chance of success on the merits. . . . [T]he required degree of irreparable harm increases as the probability of success decreases.

Owner Operator Indep. Drivers Ass'n, Inc. v. Swift Transp. Co., 367 F.3d 1108, 1111 (9th Cir. 2004) (quoting Miller ex rel. N.L.R.B. v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994)). The standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996); Franklin v. Scribner, Civil No. 07-0438 BTM (LSP), 2007 WL 1491100, at *3 (S.D. Cal. May 21, 2007). The temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 439 (1974); accord L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980); Del Toro-Chacon v. Chertoff, 431 F. Supp. 2d 1135, 1139-40 (W.D. Wash. 2006).

On the basis of plaintiff's application and supporting documentation, plaintiff will suffer irreparable injury if the Court does not grant the temporary restraining order. Defendants are scheduled to foreclose on plaintiff's property, including his residence of more than twenty years, on Thursday, August 16, 2007. Losing one's home through foreclosure is an irreparable injury.[1] See Cronkhite v. Kemp, 741 F. Supp. 822, 825 (E.D. Wash. 1989) (irreparable injury established where deed of trust contained no redemption period, and foreclosure would result in plaintiff losing home and all equity).

The remaining equitable factors likewise support the Court's entry of a temporary restraining order. The balance of hardships tips sharply in plaintiff's favor. For plaintiff to lose

---

[1] The Court is aware of other cases where district courts denied injunctive relief, though the applicant alleged that foreclosure on the applicant's property was an irreparable injury. In one particular case, the Western District of Washington denied the temporary restraining order because the applicant could halt the foreclosure by paying the amount due on the loan. Barrett v. Popular Inc., No. C07-0637RSL, 2007 WL 1753539, at *1 (W.D. Wash. June 18, 2007). If the applicant were to prevail on the merits, the applicant could recover the excessive amounts paid as monetary damages. Id. (citing Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991) (economic injury, by itself, is insufficient to find irreparable harm)). While the showing of irreparable injury is sufficient to warrant a ten-day temporary restraining order, the Court will order parties to brief further the issue of whether foreclosure would be an "irreparable injury" in this case before the Court enters a preliminary injunction.

his house tomorrow would present a far greater hardship than postponing the foreclosure sale for a ten-day period to allow for an additional hearing and further briefing (especially since the defendants represented by Mr. McKellogg have not had an opportunity to oppose plaintiff's application in writing).

Because the balance of hardships so clearly points in plaintiff's direction, plaintiff is allowed to make a lesser showing on the merits. See Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (where balance of hardships tips sharply in plaintiff's favor, plaintiff need only show "fair chance of success on the merits"). Here, plaintiff has shown at least a "fair chance of success." Plaintiff's signature of the Forbearance and Release Agreement did not waive plaintiff's right to rescind the loan because of violations of the Truth-in-Lending Act (TILA), for the waiver provisions in that agreement did not comply with all the requirements of Regulation Z. See 12 C.F.R. § 226.15(e) (requiring dated written statement that describes the consumer's "bona fide personal financial emergency," specifically waives the right to rescind, and contains the consumer's signature).

Furthermore, plaintiff has a "fair chance of success" of establishing TILA violations because defendant creditors failed to provide plaintiff with certain "material disclosures" and required documents, including two notices of plaintiff's right to rescind the loan. See 15 U.S.C. §§ 1602(u) (defining material disclosures), 1639(a)(2) (listing further material disclosures); 12 C.F.R. § 226.32(c) (same); see also 15 U.S.C. § 1635(a) (requiring creditors to give consumer two copies of the notice of the right to rescind); 12 C.F.R. § 226.23(b)(1) (same). The failure to make material disclosures and tender required documents entitles plaintiff to rescind within three years of the loan's consummation. 15 U.S.C. § 1635(f); 12 C.F.R. §§ 226.15(a)(3), 226.23(a)(3).

For the time being, the Court finds that plaintiff's allegations on the merits are sufficient to grant the temporary restraining order. Nonetheless, before entering any preliminary injunction, the Court will request further briefing on the issue of what showing plaintiff must make (if any) of his ability to tender back the loan proceeds, in the event plaintiff proves he is entitled to rescission. See 12 C.F.R. § 226.23(d)(3) (requiring, as part of rescission, the consumer to tender back any money or property the creditor previously delivered to the consumer); Yamamoto v. Bank of New

1 York, 329 F.3d 1167, 1169, 1173 (9th Cir. 2003); LaGrone v. Johnson, 534 F.2d 1360, 1362 (9th

2 Cir. 1976); Palmer v. Wilson, 502 F.2d 860, 862 (9th Cir. 1974).

3     Public interest factors do not weigh in favor or against injunctive relief in this case.

4     Pursuant to Federal Rule of Civil Procedure 65(c), the Court finds that plaintiff does not

5 have to give any security at this time to postpone the foreclosure sale for the ten-day duration of

6 this temporary restraining order. At this time, the Court finds sufficient equity in the property.

7     The Court hereby **ORDERS**:

8     (1) All defendants and their agents, assigns, employees, officers, attorneys, and

9 representatives are enjoined and restrained from engaging in or performing any act to deprive

10 plaintiff of ownership or possession of the real property located at 2241 Calle Tiara, La Jolla,

11 California 92037 ("Property"), including but not limited to instituting, prosecuting or maintaining

12 foreclosure or sale proceedings on the Property, from recording any deeds or mortgages regarding

13 the Property or from otherwise taking any steps whatsoever to deprive plaintiff of ownership in the

14 Property, and in particular from proceeding with the sale of the Property scheduled for August 16,

15 2007.

16     (2) This temporary restraining order shall be binding upon the parties to this action and all

17 other persons or entities who receive actual notice of this order by personal service or other

18 acceptable means of service.

19     (3) With respect to all defendants except S.L. Pope & Associates and Sam L. Pope,

20 plaintiff shall forthwith serve defendants with a copy of this Order, together with all other

21 documentation filed with the Court in this action.

22     (4) This temporary restraining order is entered this 15th day of August at 3:00 p.m.

23     (5) A hearing on plaintiff's motion for preliminary injunction is set for **August 28th**, **2007**

24 at **10:00 a.m.** in Courtroom 1.

25     (6) By **Tuesday, August 21, 2007**, plaintiff shall submit a supplemental brief in support of

26 a preliminary injunction, including but not limited to the following issues:

27     (a)    Case law establishing whether foreclosure of plaintiff's property would

28     amount to an "irreparable injury";

1  (b) Whether the release and waiver in the Forbearance and Release Agreement
2  of December 21, 2006 bars plaintiff from exercising the right of rescission;
3  (c) The impact of the Ninth Circuit opinion in <u>Yamamoto v. Bank of New York</u>
4  (and cases cited therein) on whether plaintiff can establish a "likelihood of success
5  on the merits";
6  (d) The appropriate remedy and time period for allowing plaintiff to
7  demonstrate his ability to tender the loan proceeds, pursuant to 12 C.F.R. §
8  226.23(d)(3); and
9  (e) the proper form and amount of any security plaintiff should give, pursuant
10 to Rule 65(c).

This brief **SHALL NOT EXCEED** twenty-five (25) pages.

(7) By **Friday, August 24, 2007**, defendants shall submit supplemental brief(s)[2] in opposition to a preliminary injunction, including but not limited to the issues enumerated in ¶ 6 <u>supra</u>. Any supplemental brief **SHALL NOT EXCEED** twenty-five (25) pages.

**IT IS SO ORDERED.**

**DATED: August 15, 2007**

**IRMA E. GONZALEZ, Chief Judge
United States District Court**

---

[2] Messrs. Stoffel and McKellogg may jointly submit one brief on behalf of all defendants, or two separate briefs on behalf of their respective clients.