# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW K. WROBEL,<br><br>          Plaintiff,<br> vs.<br><br>S.L. POPE & ASSOCIATES, an entity of unknown form, et al.,<br><br>          Defendant. | CASE NO. 07CV1591-IEG(BLM)<br><br>ORDER DENYING APPLICATION FOR ORDER TO SHOW CAUSE RE: CONTEMPT; SETTING TIME TABLE FOR RESCISSION TENDER AND FOR LIFTING OF PRELIMINARY INJUNCTION |

  A Status Conference was held before Chief Judge Irma E. Gonzalez on Tuesday, October 9, 2007.  The purpose of the hearing was to set a timetable and mechanism for implementing the payment of restitution as a requirement of rescission as set forth in the preliminary injunction order.  Deborah Raymond appeared on behalf of Plaintiff.  James Jay Stoffel appeared on behalf of Defendants S.L. Pope & Associates and Sammy Pope.  Keith McKellogg appeared on behalf of the remaining Defendants.  Both parties filed status reports setting forth their proposal regarding the tender of restitution.  In addition, prior to the hearing, Plaintiff filed an application for an order to show cause re: contempt, arguing Defendants violated the terms of the preliminary injunction by maintaining a foreclosure sale date.  On the morning of the hearing, Defendants filed an opposition to the application.

  The Court DENIES the Plaintiff's application for an order to show cause.  The Court finds the postponement of the foreclosure sale date does not violate the spirit and intent of the

1  preliminary injunction order.  Pursuant to Cal. Civ. Code § 2924g, the foreclosure trustee was
2  entitled to postpone the sale date, and the preliminary injunction order did not require Defendants
3  or the trustee to cancel the sale.

4  With regard to the time table and mechanism for tender of restitution as a requirement of
5  rescission, the Court finds it appropriate at this point in the proceedings to require Plaintiff to
6  establish his ability to pay Defendants back the net amount of the loan.  Yamamoto v. Bank of
7  New York, 329 F.3d 1167, 1173 (9th Cir. 2003).  The Court, by way of its temporary restraining
8  order and preliminary injunction, has found Plaintiff has a "fair chance of success" on the merits of
9  his Truth in Lending Act claim.  Nevertheless, based upon the evidence before the Court
10 throughout the preliminary proceedings, the Court has doubts whether the Plaintiff has the ability
11 to tender to Defendants the net amount of the loan as required as a condition for rescission.  Id.

12 The Plaintiff tendered his notice of rescission on June 15, 2007.  Defendants have agreed to
13 accept the restitution amount of $1,012,970.[1]  Plaintiff has already submitted a loan application to
14 obtain funds to pay the restitution amount.  As a result, the Court finds it appropriate to allow
15 Plaintiff approximately 60 additional days to obtain the loan funding.  The Court orders
16 Defendants to direct the foreclosure trustee, Action Foreclosure Services, Inc., to postpone the
17 scheduled nonjudicial foreclosure sale to a date not earlier than January 2, 2008.  Regardless of
18 whether Plaintiff is able to obtain the loan funding, the preliminary injunction will be lifted
19 effective December 17, 2007.  The Court denies Plaintiff's request to order Defendants to rescind
20 the notice of default of record.  The parties are ordered to meet and confer to set any interim
21 schedule and deadlines they deem appropriate.

22 **IT IS SO ORDERED**.

24 **DATED: October 11, 2007**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] In the absence of a full settlement agreement will be with a reservation of rights based upon the affirmative defense of the forbearance and release agreement.