# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW K. WROBEL,<br><br>  Plaintiff,<br>vs.<br><br>S.L. POPE & ASSOCIATES, an entity of unknown form, et al.,<br><br>  Defendant. | CASE NO. 07CV1591-IEG(BLM)<br><br>Order Vacating Hearing; Granting in Part and Denying in Part Plaintiffs' Ex Parte Application Doc. No. 44; Reinstating Preliminary Injunction; Setting Status Conference |

    Plaintiffs have filed an ex parte application asking the Court (1) to continue or reinstate the preliminary injunction in this case, (2) rescind the Notice of Default and Notice of Trustee's Sale, and (3) hold in escrow any funds to be paid to Defendants pursuant to Plaintiffs' claims for recoupment/setoff. Defendants S.L. Pope & Associates and Sammy Pope have filed an opposition, in which all other Defendants join. The Court originally set this matter for hearing on Friday, December 21. Upon review, however, the Court finds a hearing unnecessary and the hearing is VACATED. The Court GRANTS Plaintiffs' motion to reinstate the preliminary injunction and DENIES without prejudice their remaining requests.

    As set forth in the Court's previous orders, the Court has found Plaintiffs will suffer irreparable injury if Defendants are permitted to foreclose on their home and Plaintiffs have a "fair chance of success" on the merits of their Truth in Lending Act claim. Nevertheless, based upon evidence before the Court throughout the preliminary proceedings, the Court had doubts whether

1  Plaintiffs possessed the ability to tender the net amount of the loan to Defendants as required as a
2  condition for rescission. <u>Yamamoto v. Bank of New York</u>, 329 F.3d 1167, 1173 (9th Cir. 2003).
3  As a result, the Court set a timetable for Plaintiffs to submit loan documents in an effort to obtain
4  funding sufficient to pay the restitution amount. The purpose of this process was to allow Plaintiffs
5  the opportunity to establish their *ability* to pay Defendants back the net amount of the loan should
6  Plaintiffs prevail on their claims for rescission. As explained below, the Court is now satisfied
7  Plaintiffs could tender the loan funds to Defendants as a condition of rescission if the Court finds
8  in their favor on the merits of this case.

9  In support of the current application, Plaintiffs have submitted a declaration by Anthony
10 David Haber, a licensed real estate broker with over 18 ears experience with mortgage loan
11 originations and brokering. Mr. Haber states the two Notices of Default and one Notice of
12 Trustee's Sale showing on the preliminary title report have been a hindrance to refinancing the
13 loans. [Declaration of Anthony David Haber ("Haber Decl."), ¶ 8.]  Mr. Haber opines that if the
14 Notices of Default and Notice of Trustee's Sale are lifted from the title, a refinance could be
15 completed within 30 days. [Haber Decl., ¶ 14.]  Plaintiffs have also submitted an affidavit by
16 Kevan Shipp, a loan officer for California mortgage broker Fairbanks Capital Group.  Mr. Shipp
17 states he has submitted paperwork for Plaintiffs' refinance to a company with which he has
18 worked in the past, Redwood Mortgage.  [Declaration of Kevan Shipp ("Shipp Decl."), ¶ 6.]
19 Redwood Mortgage has communicated to Mr. Shipp that the Notices of Default and Notice of
20 Trustee's Sale recorded by the Defendants are an obstacle to the Plaintiffs' refinance.  [Shipp
21 Decl., ¶ 8.]  Mr. Shipp also opines Plaintiffs will be able to successfully refinance the property if
22 the Notices of Default and Notice of Trustee's Sale are removed from the title.  [Shipp Decl., ¶
23 10.]

24 Pursuant to 15 U.S.C. § 1635(f) and related regulations, if Plaintiffs establish Defendants
25 failed to make material disclosures and to tender required documents, Plaintiffs will be entitled to
26 rescind the loan.  If Plaintiffs rescind the loan, the security interest "becomes void." 12 C.F.R.
27 § 226.23.  Therefore, if Plaintiffs prevail on their claims, they will be entitled to have the Notices
28 of Default and Notice of Trustee's Sale removed from the record.  Based upon the declarations

1  submitted by Plaintiffs, if those Notices are removed from the record, Plaintiffs will be able to
2  obtain financing necessary to tender back the loan proceeds to Defendants.
3      Therefore, the Court GRANTS Plaintiffs' ex parte application and reinstates the
4  Preliminary Injunction until further order of the Court.  Each of the terms and condition of the
5  Court's September 6, 2007 order are reinstated.  The Court DENIES Plaintiffs' request that the
6  Court order the Notices of Default and Notice of Trustee Sale be removed from the title, as
7  Plaintiffs have not shown they are entitled to such relief prior to a determination on the merits of
8  their claims.  The Court also DENIES as moot Plaintiffs' request to set aside a portion of the
9  proceeds of the foreclosure sale pending resolution of Plaintiffs' claims for recoupment/setoff.
10     Because of the time sensitive nature of these claims, and to avoid any undue prejudice to
11 Defendants resulting from the passage of time, the Court sets a Status Conference for January 2,
12 2008 at 10:30 a.m.  At that time, the Court will set a date within the following 30 days for the
13 parties to file dispositive motions, if they believe the claims can be resolved based upon
14 undisputed facts, or alternatively a date for a trial on the merits.
15     **IT IS SO ORDERED**.

17 **DATED:  December 20, 2007**

18  _____
    **IRMA E. GONZALEZ, Chief Judge**
19  **United States District Court**

07cv1591